Ved Parkash, Respondent,
against
Garth A. Grindley, Appellant.




Garth A. Grindley, appellant pro se.
Smith, Carroad, Levy & Wan, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), dated September 30, 2015. The order denied tenant's motion to vacate a lien and restraints on his bank account and, in effect, a final judgment, and to restore the matter to the trial calendar in a nonpayment summary proceeding.




ORDERED that the order is affirmed, without costs.
This nonpayment summary proceeding was settled in a so-ordered stipulation in May 2012, pursuant to which a final judgment was entered in favor of landlord, tenant agreed to make payments to landlord according to a specified schedule, landlord agreed to repair the bathroom window, and the issuance of a warrant of eviction was stayed on condition that tenant make the payments required under the stipulation. Following a default under the stipulation, the Civil Court (Anne Katz, J.), by order dated August 7, 2012, authorized the issuance of a warrant and execution on the judgment.
In September 2015, tenant moved to vacate liens and restraints that had been placed on his bank account, and, in effect, to vacate the final judgment and restore the matter to the trial calendar. In support of his motion, tenant stated that he had been unable to attend court on the return date of a prior motion due to a mental disability which arose from a brain injury he had suffered in 2011, and alleged that landlord had breached the stipulation of settlement by failing to make repairs. Tenant annexed to his motion papers medical records which demonstrated that, in August 2011, he had sustained a brain injury. Landlord opposed tenant's motion. Following a [*2]hearing, the Civil Court denied the motion on the ground that tenant had failed to state that he had an impairing condition at the time that he entered into the stipulation of settlement, and that he had failed to demonstrate good cause for vacating the stipulation.
Upon a review of the motion papers and the testimony at the hearing, we find that tenant failed to demonstrate his entitlement to vacatur of the final judgment and to restoration of the proceeding to the trial calendar (see Wira Assoc. v Easy, 48 Misc 3d 137[A], 2015 NY Slip Op 51203[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). To the extent that tenant's motion sought merely to vacate a restraining notice, he made no showing warranting such relief (cf. Brown v Wilson, 51 Misc 3d 145[A], 2016 NY Slip Op 50735[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). 
We reach no other issue.
Accordingly, the order is affirmed.
Weston, J.P., Solomon and Elliot, JJ., concur.
Paul Kenny
Chief Clerk
Decision Date: April 21, 2017